UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                              09 CR 529-01 (ENV)

       -against-

ROBERT KNOWLES,

           Defendant.

----------------------------------------------------------X

## DEFENDANT ROBERT KNOWLES' SENTENCING MEMORANDUM

                                          Richard H. Rosenberg
                                          Attorney for Robert Knowles
                                          217 Broadway----Suite 707
                                          New York, New York   10007
                                          212-586-3838

*Introduction*

Defendant Robert Knowles is scheduled to be sentenced on September 24, 2010 following his guilty plea on August 6, 2009 to a one count information charging him wire fraud in violation of 18 U.S.C.§ 1343.

Defendant Knowles was first arrested on these charges on May 5, 2009. He has been on bail since that date, residing with his wife and children in Freehold, New Jersey and remaining employed as a project manager for Omerga Service Maintenance Corp..

The offense of conviction was related to the defendant's employment at Omega as a project manager in charge of a concrete installation at a Post Office located in the Inwood section of Manhattan in 2007. Specifically, he has admitted that he acquiesced to an undercover's offer to record higher test scores for the concrete. It must be stressed in view of headline making cases involving falsification of substandard concrete tests that this is not one of those cases. The concrete in this case, as noted in the complaint (Complaint, p. 8, fn. 3 ) met industry standard.

*The Guideline sentence range*

The PSR correctly calculates the total offense level at level 5 . With a criminal history category of I the advisory sentence range is 0-6 months.
.
*Post-Booker Sentencing Considerations*

As this court is well aware, while the sentencing guidelines provide a sentencing court with a "starting point and the initial benchmark", Gall v. United States, 128 S. Ct. 586 (2007), a sentencing court must now consider all of the 18 U.S.C. § 3553 (a) factors, not just the guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing set forth in 18 U.S.C. § 3553 (a) (2): justice, deterrence, incapacitation and rehabilitation. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

The requirement that a court impose a "sufficient, but not greater than necessary" sentence to achieve those goals sets a limit on the sentence that a court may impose. Further, in determining whether and to what extent imprisonment is appropriate based on § 3553 (a) factors, the court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

An examination of the defendant in relation to the factors delineated in § 3553(a) suggests that a non-prison sentence in this case is sufficient to meet the sentencing goals of the statute.

*The Defendant's Background, Character and Circumstances of the Offense*

Robert Knowles, a 40 year old married father of four, is described by family, friends, and business associates as a big-hearted, hard working, devoted husband, father and son. He is a man who has risen from a troubled youth to become over the past twenty years a man devoted to work and family. For more than 15 years he was employed by Leisure Village, a retirement community in Lakewood, New Jersey. There he held various positions including, custodian, machine operator, building maintenance mechanic and head gardener. He left Leisure Village in 2006 to join Omega, a well known and large service provider to government and industry. Over the years Mr. Knowles has moonlighted on second jobs such as bouncer and, more recently, as a night shift custodian at a local ShopRite to supplement income.

Since 2006 he and his long time companion, AnnaMarie, have been married. They have two children together, Oliva, age two, and Chase, 14 months. They also reside with AnnaMarie's two sons by a prior marraige, Christopher and Joseph, ages, 17 and 16. The boys enjoy a great relationship with their hands on step-dad, Robert Knowles. The family resides in a well maintained home in Freehold which they purchased in 2002.. The defendant maintains a close relationship with his divorced parents and enjoys their loving support.

As stated, this offense was related to the defendant's employment at Omega. As project manager he was put in charge of a sidewalk installation at a Post Office in Manhattan. One of his duties was to purchase the concrete used for the job. The concrete used did meet industry standard. However, in a government run sting operation, a concrete tester turned informant along with an undercover officer posing as working for that firm, suggested that the concrete test results could be altered to reflect not only the actual industry standard passing grade it had received, but to appear even better. As the complaint filed in this case correctly speculates, the defendant wanted these results falsified to make his employer look better, impress his employer with excellent results, and generate business for his employer. He saw no direct, personal benefit from his involvement in this offense.

The defendant's employer has settled with the Post Office and performed a second pour and satisfactorily completed the job prior to the initiation of this prosecution. Omega has retained Mr. Knowles in their employ and stands behind him as a valued employee.

Mr. Knowles has accepted responsibility with deep shame and remorse. The defendant's participation in this offense is not truly reflective of his core values. Mr. Knowles' involvement was not spurred by a desire for selfish, material gains.

Mr. Knowles has shown by his full compliance with pre-trial release, steady and full employment, responsibility to family obligations, and the respect of co-workers, acquaintances and family that he is capable of legitimate and honorable contributions to family anc society.

*The Defendant's Background, Character and Circumstances of the Offense*

Robert Knowles, a 40 year old married father of four, is described by family, friends, and business associates as a big-hearted, hard working, devoted husband, father and son. He is a man who has risen from a troubled youth to become over the past twenty years a man devoted to work and family. For more than 15 years he was employed by Leisure Village, a retirement community in Lakewood, New Jersey. There he held various positions including, custodian, machine operator, building maintenance mechanic and head gardener. He left Leisure Village in 2006 to join Omega, a well known and large service provider to government and industry. Over the years Mr. Knowles has moonlighted on second jobs such as bouncer and, more recently, as a night shift custodian at a local ShopRite to supplement income.

Since 2006 he and his long time companion, AnnaMarie, have been married. They have two children together, Oliva, age two, and Chase, 14 months. They also reside with AnnaMarie's two sons by a prior marraige, Christopher and Joseph, ages, 17 and 16. The boys enjoy a great relationship with their hands on step-dad, Robert Knowles. The family resides in a well maintained home in Freehold which they purchased in 2002.. The defendant maintains a close relationship with his divorced parents and enjoys their loving support.

As stated, this offense was related to the defendant's employment at Omega. As project manager he was put in charge of a sidewalk installation at a Post Office in Manhattan. One of his duties was to purchase the concrete used for the job. The concrete used did meet industry standard. However, in a government run sting operation, a concrete tester turned informant along with an undercover officer posing as working for that firm, suggested that the concrete test results could be altered to reflect not only the actual industry standard passing grade it had received, but to appear even better. As the complaint filed in this case correctly speculates, the defendant wanted these results falsified to make his employer look better, impress his employer with excellent results, and generate business for his employer. He saw no direct, personal benefit from his involvement in this offense.

The defendant's employer has settled with the Post Office and performed a second pour and satisfactorily completed the job prior to the initiation of this prosecution. Omega has retained Mr. Knowles in their employ and stands behind him as a valued employee.

Mr. Knowles has accepted responsibility with deep shame and remorse. The defendant's participation in this offense is not truly reflective of his core values. Mr. Knowles' involvement was not spurred by a desire for selfish, material gains.

Mr. Knowles has shown by his full compliance with pre-trial release, steady and full employment, responsibility to family obligations, and the respect of co-workers, acquaintances and family that he is capable of legitimate and honorable contributions to family anc society.

*The need for the sentence imposed to achieve the goals and objective of 18 U.S.C. §3553 (a):*

As previously discussed herein, the circumstance of Mr. Knowles' involvement in this offense, taken together with his history and personal characteristics of hard work and commitment to family strongly support a finding that a non-jail sentence would be appropriate.

The statute directs the court, in determining sentence, to consider the need for the sentence to promote respect for the law, provide just punishment, afford adequate deterrence to further criminal conduct and to protect the public from further crimes of the defendant. Mr. Knowles with his strong family presence and steady employment history presents no further danger to society and the public safety does not require his long term prison sequestration.

*The Kinds of Sentences Available:*

The advisory sentencing guideline level 5 allows for a non-jail sentence. Since the sentencing guidelines are advisory and but only one factor to be considered under 18 U.S.C. § 3553 (a), the court function is to fashion a sentence that is reasonable and minimally sufficient to meet the goals of sentencing set forth in the statute.

It is respectfully urged that in determining a sentence that is both reasonable and sufficient to achieve the goals of sentencing, that the court consider the aforementioned background and character of the defendant, his steady work history, his limited offense conduct as a basis for imposing a non-jail sentence.

Thank you for Your Honor's attention and consideration to this submission.

Respectfully submitted,

Richard H. Rosenberg
RR0486

To: Paul Tuchmann, AUSA
    Cheryl Fiorillo, U.S. Probation